IN THE UNITED STATES COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CATHERINE GILLIS** : | CIVIL ACTION |
| : | |
| v. : | NO. 04-CV-5405 |
| : | |
| **JO ANNE B. BARNHART,** *Commissioner of the* : | |
| *Social Security Administration* : | |

**MEMORANDUM AND ORDER**

**Kauffman, J.**                                                                                                                    **August  29 , 2006**

  Plaintiff Catherine Gillis ("Plaintiff") seeks judicial review of the final decision of the Commissioner of the Social Security Administration, Jo Anne B. Barnhart ("Commissioner"), denying her claim for disability insurance benefits ("DIB") under Title II of the Social Security Act and Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("Act"), 42 U.S.C. §§ 201-234, 1381-1383h.  Plaintiff and the Commissioner have filed cross motions for summary judgment.  United States Magistrate Judge M. Faith Angell has submitted a Report and Recommendation, see 28 U.S.C. § 636(b)(1)(B); Local R. Civ. P. 72.1(d)(1)(C), recommending that the Court grant the Commissioner's Motion and deny benefits.

  Because Plaintiff has objected to the Magistrate Judge's Report and Recommendation, this Court must "make a de novo determination of those portions of the record or specified proposed findings or recommendations to which objection is made." 28 U.S.C. §636(b)(1)(C). Having reviewed the Report and Recommendation and the objections thereto, the Court will approve and adopt the Report and Recommendation.

**I.  Procedural History**

  On August 27, 1997, Plaintiff applied for disability benefits.  R. at 193.  Her application initially was denied on December 11, 1997 and again on reconsideration on April 29, 1998.  R. at

96, 120. Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ"), which was held on March 12, 1999. R. at 40-69. On March 30, 1999, the ALJ denied Plaintiff's claim for benefits. R. at 111. The Appeals Council granted Plaintiff's request for review and remanded the case on June 12, 2001. R. at 136-39.

On remand, the ALJ conducted a hearing on August 29, 2002, during which a medical expert, a vocational expert, and Plaintiff testified. R. at 69-94. On September 19, 2002, the ALJ denied Plaintiff's claim for benefits. R. at 35. The Appeals Council denied Plaintiff's request for review. R. at 12-20. Having thus exhausted her administrative remedies, Plaintiff commenced this action.

## II. Standard of Review

### A. The Commissioner's Decision

Judicial review of a Social Security case is based upon the pleadings and the transcript of the record. 42 U.S.C. § 405(g). The scope of the Court's review of the Commissioner's decision is limited to determining whether the Commissioner applied the correct legal standards and whether the record, as a whole, contains substantial evidence to support the Commissioner's findings of fact. See Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001); Knepp v. Apfel, 204 F.3d 78, 83 (3d Cir. 2000).

"The Court is bound by the ALJ's findings of fact if they are supported by substantial evidence in the record." Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999). "Substantial evidence 'does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999) (quoting Pierce v. Underwood, 487 U.S. 552, 565

(1988)); see also Plummer, 186 F.3d at 427 (noting that "substantial evidence" has been defined as "more than a mere scintilla"). The standard is "deferential and includes deference to inferences drawn from the facts if they, in turn, are supported by substantial evidence." Schaudeck v. Comm'r of Soc. Sec. Admin., 181 F.3d 429, 431 (3d Cir. 1999). In sum, "[t]he court cannot conduct de novo review of the Commissioner's decision or re-weigh the evidence of record." Palmer v. Apfel, 995 F. Supp. 549, 552 (E.D. Pa. 1998).

B.  The Magistrate Judge's Report and Recommendation

The Court, however, must engage in a de novo review of those portions of the Magistrate Judge's Report and Recommendation to which Plaintiff has objected. See 28 U.S.C. § 636(b)(1)(C). The Court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate." Id. In considering Plaintiff's objections to the Report and Recommendation, the Court has independently reviewed the entire record, including the Report and Recommendation, the ALJ's decision, the transcript of the hearing, the hearing exhibits, and the summary judgment briefs.

**III.  Social Security Law**

Title XVI of the Act provides for the payment of disability benefits to indigent persons under the Supplemental Security Income program. See 42 U.S.C. § 1382(a). "Disability" is defined as an inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides:

An individual shall be determined to be under a disability only if [her] physical or

> mental impairment or impairments are of such severity that [she] is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which [she] lives, or whether a specific job vacancy exists for [her], or whether [she] would be hired if [she] applied for work.  For purposes of the preceding sentence (with respect to any individual), 'work which exists in the national economy' means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.

42 U.S.C. § 1382c(a)(3)(B).  The claimant carries the initial burden of proving disability.  See Plummer, 186 F.3d at 428.  Once the claimant establishes an inability to perform her prior work, the burden then shifts to the Commissioner to show that the claimant can perform other substantial gainful work that exists in the national economy.  Id.

Under the Social Security regulations, an application for disability benefits is evaluated according to a five-step sequential process.  See Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987); 20 C.F.R. § 416.920.  This process requires the presiding ALJ to review: (1) claimant's current work activity; (2) the severity of the impairments; (3) whether the impairments, considered alone or in combination, meet or equal any listing set forth in Part 404, Subpart P, Appendix 1, which would result in a conclusive presumption of disability; (4) whether claimant's residual functional capacity ("RFC") allows her to perform her past relevant work; and, if not, (5) whether claimant's specific RFC, in conjunction with a consideration of her age, education, and work experience, prevents her from performing other work that exists in the national economy.  The claimant is entitled to disability benefits only if she is not able to perform such other work.

### IV.  The ALJ's Decision

Using this sequential evaluation process, the ALJ determined that Plaintiff had satisfied the requirements of the first step because she had not engaged in any substantial gainful activity

since the alleged onset of her disability.  R. at 34.  Next, the ALJ found that, while Plaintiff suffered from severe foot problems and headaches, her bipolar syndrome, back impairments, sinusitis, GERD, hiatal hernia, status-post hysterectomy, status-post cholecystectomy, irritable bowel syndrome, and history of substance abuse were not severe enough to meet or medically equal one of the impairments listed in Appendix 1, Subpart P.  R. at 34.  Thus, the question before the ALJ was whether Plaintiff retained the RFC to perform past relevant work or other work existing in significant numbers in the national economy.  R. at 35.  Finding that Plaintiff had no past relevant work, and upon consideration of the medical opinions in the record, the ALJ determined that Plaintiff retained the RFC to perform a significant range of light work.  Id.[1]  Accordingly, the ALJ ruled that Plaintiff was not "disabled" as defined in the Act, at any time through the date of the ALJ's decision.  Id.

## V. The Magistrate Judge's Report and Recommendation

In her Report and Recommendation, based on Plaintiff's medical records, results of psychological testing, vocational assessments, expert testimony, and Plaintiff's own statements, Magistrate Judge Angell found that the ALJ's conclusions were supported by substantial evidence.

## VI. Analysis

Plaintiff has raised three objections to Magistrate Judge Angell's Report and Recommendation.  First, Plaintiff challenges the propriety of the Magistrate Judge's use of the "onset date" as the focal date for the disability determination.  Second, Plaintiff contends that the

---

[1] The ALJ found that given her mental condition, as well as headaches that affect her concentration, Plaintiff is limited to simple routine and repetitive work of 1-2 step instructions.

Magistrate Judge failed to consider the ALJ's allegedly improper discounting of the opinion of her treating psychiatrist and adoption of the opinion of a non-treating psychologist. Third, Plaintiff argues that the ALJ should have considered the effects of her medication, including her observable lethargy, and its potential impact on her ability to concentrate.

Following a de novo review, this Court concurs with Magistrate Judge Angell's conclusion that the ALJ's decision was supported by substantial evidence. Magistrate Judge Angell's use of the onset date as the focal date does not undermine the validity of this finding. Contrary to Plaintiff's suggestion, the ALJ considered all the impairments complained of by Plaintiff, including those reported since August 27, 1997, the date of her application for disability benefits. The ALJ considered Plaintiff's subjective complaints, including her reported back pain, headaches, and lethargy. Plaintiff underwent a consultative examination by Dr. Walter Goldstein, who found that her back condition was normal, and that her psychiatric condition had been well-treated and responded to medication. R. at 326-330. Dr. Ramon Mañon-Espaillat, a clinical professor of neurology who treated Plaintiff, performed a motor exam and on April 23, 2002 reported "absence of weakness, atrophy, fasciculations, or involuntary movement." R. at 470. He also found "no sensory deficit to primary sensory modalities," as well as normal coordination, gait and reflexes. Id. These and other reports and findings were considered by the ALJ. R. at 26.

The ALJ also heard the testimony of William House, a vocational expert, and solicited his opinion on the vocational options of a hypothetical individual with a profile identical to that of the Plaintiff. R. at 93-94. The expert testified that an individual with Plaintiff's mental and physical impairments would be able to perform a number of jobs, including laundering,

handpacking, or sorting. R. at 93-94.

Plaintiff argues that the Magistrate Judge failed to consider the ALJ's allegedly erroneous discounting of the opinion of Plaintiff's treating psychiatrist and misidentification of the psychiatrist's opinion as a "Report from the Office of Vocational Rehabilitation." Objections, p. 3. Contrary to Plaintiff's representations, however, there is ample evidence in the record that the ALJ considered the testimony of Plaintiff's treating psychiatrists. The ALJ noted that "Plaintiff's treating psychiatrists stated that medication, including Zoloft and Klonopin, as well as therapy has helped her mood and helped her remain calm." R. at 29, 323. On December 11, 1997, the state agency consultant who reviewed Plaintiff's entire file found that her bipolar disorder was "non-severe," and improved with medication, an opinion that was supported by Dr. Goldstein. R. at 331-32. Furthermore, Dr. Prout, a clinical psychologist, who testified at the August 29, 2002 hearing, opined that Plaintiff's mental impairment was "non-severe."[2] With respect to Plaintiff's complaints of lethargy, the ALJ specifically questioned Dr. Prout about its potential significance. Dr. Prout testified that Plaintiff's lethargy is a likely side-effect of her medication, and its effect on her ability to work would depend on the "demand of cognition." R. at 88-89.

It is well-established that the ALJ may reject a treating physician's opinion on the basis of contradictory medical evidence, and may afford a medical opinion more or less weight depending upon the degree to which supporting explanations are provided. Versace v. Barnhart, 2002 WL 1880526, at *2 (E.D. Pa. Aug. 14, 2002); see also 20 C.F.R. § 416.927(d); Morales v.

---

[2]  Dr. Prout, who reviewed the entire medical record and listened to Plaintiff's testimony, completed a mental residual functional capacity assessment in which he found that no area was significantly limited, except for moderate limitations to carry out detailed instructions. R. at 90-91. Dr. Prout testified that Plaintiff is "able to understand, comprehend and follow simple instructions." R. at 90.

Apfel, 225 F.3d 310, 317 (3d Cir. 2000) (stating that while an ALJ is required to address such medical opinions, there is no requirement that the opinion be adopted); Burnett v. Comm'r of Soc. Sec. Admin., 220 F.3d 112, 121 (3d Cir. 2000).   In the course of his evaluation, the ALJ referenced a series of witness and medical accounts, carefully explaining the basis for each of his conclusions.  He considered the medical opinions of treating physicians and psychiatrists, as well as the opinions of non-treating experts.  After performing a thorough investigation and weighing the evidence on the record, the ALJ found Dr. Prout's medical opinion and assessment of non-severe impairment to be persuasive.  In so concluding, the ALJ acted well within the limits of his discretion.

## VII. Conclusion

The ALJ's decision to deny Plaintiff benefits was supported by substantial evidence in the record, as affirmed by the Magistrate Judge's Report and Recommendation.  Accordingly, Plaintiff's Objections are overruled and the Commissioner's Motion for Summary Judgment will be granted.  An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CATHERINE GILLIS** | : | **CIVIL ACTION** |
| | : | |
| v. | : | NO. 04-CV-5405 |
| | : | |
| **JO ANNE B. BARNHART,** | : | |
| **Commissioner of Social Security** | : | |

## ORDER

**AND NOW**, this 29th day of August, 2006, the Court having considered the parties' Motions for Summary Judgment and reviewed the Report and Recommendation of United States Magistrate Judge M. Faith Angell, Plaintiff's Objections thereto, and the entire record, including the ALJ's decision, transcript of the hearing, and hearing exhibits, it is **ORDERED** that:

1. The Report and Recommendation (docket no. 22) is **APPROVED** and **ADOPTED**;

2. Plaintiff's Motion for Summary Judgment (docket no. 8) is **DENIED**;

3. Defendant's Motion for Summary Judgment (docket no. 13) is **GRANTED**; and

4. The Clerk of Court shall mark this case **CLOSED**.

BY THE COURT:

/s/ Bruce W. Kauffman
**BRUCE W. KAUFFMAN, J.**